UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY AJAY,<br><br>Petitioner,<br><br>v.<br><br>ENFORCEMENT AND REMOVAL OPERATIONS, et al.,<br><br>Respondents. | No.  1:26-cv-0993-DC-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 3, 11, 15, 19) |

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 4, 2026, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 19.) Respondents filed objections to the findings and recommendations, and Petitioner filed a response. (ECF Nos. 20. 21.) In their objections, Respondents merely state that they object "[f]or the reasons set forth in Respondents' February 26, 2026 briefing." *Id.*  However, those previous arguments were addressed and rejected by the magistrate judge in this case and the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional

1

parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations (ECF No. 19) are ADOPTED;

2. Petitioner's first amended petition for writ of habeas corpus (ECF No. 11) is GRANTED, as follows:

    a. Respondents are ordered to RELEASE petitioner immediately with the same conditions he was subject to immediately prior to his re-detention on September 24, 2025.

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to Petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

3. Petitioner's motions for preliminary injunction (ECF Nos. 3, 15) are DENIED as having been rendered moot by this order.

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **March 18, 2026**                                    _____

Dena Coggins
United States District Judge